UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX RAY BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>CYNTHIA SWAIN, Warden,<br><br>    Respondent. | Case No. EDCV 18-2432 MWF (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Petitioner's objections largely reassert prior arguments that were addressed and rejected in the Report and Recommendation. (*See* Objections, Dkt. No. 36). However, one new contention warrants attention. In the Petition, Petitioner alleged that prison officials violated his Fourth Amendment right against unreasonable searches and seizures when they opened his mail. This claim was fully addressed in the Report and Recommendation. However, in his objections, Petitioner asserts for the first time that he

1

had a First Amendment right to use the mails as a means of free expression, a right which could not be infringed upon by prison authorities who opened and read his outgoing mail, specifically a "private sealed letter to a third party" that should have been "sent out *unopened* and *uninspected*." (*Id*. at 1-2 (emphasis in original); *see also id.* at 7-11). In support of this contention, Petitioner primarily relies on *Procunier v. Martinez*, 416 U.S. 396 (1974) ("*Martinez*") (setting forth factors for evaluating a First Amendment claim relating to the regulation of a prisoner's outgoing mail), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989) (setting forth factors for evaluating a First Amendment claim relating to the regulation of a prisoner's incoming mail).

In *Martinez,* the Supreme Court held that *censorship* of prisoner mail infringes a right protected by the First Amendment unless certain criteria are met. *Martinez*, 416 U.S. at 413. According to the *Martinez* Court, censorship of a prisoner's outgoing mail is justified only if (1) the regulation authorizing censorship furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation of First Amendment freedoms is no greater than is necessary or essential to the protection of the particular government interest involved. *Id.* at 413-14; *see also Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), cert. denied, 140 S. Ct. 60 (2019) (summarizing *Martinez* factors). Applying these standards, the *Martinez* Court affirmed the district court's invalidation of regulations which authorized censorship of outgoing prisoner mail by prison officials merely on the ground that the prisoner's statements "unduly complain" or "magnify grievances," were "defamatory," or were "otherwise inappropriate." *Martinez*, 416 U.S. at 415. The Court found that these regulations were improper because they "fairly invited prison officials and employees to apply their own personal prejudices and opinions as standards for prisoner mail censorship." *Id.*

At the same time, the *Martinez* Court noted that an "obvious example of justifiable censorship of prisoner mail" would be the "refusal to send or deliver letters concerning

escape[] plans or containing other information concerning proposed criminal activity, whether within or without the prison," or the refusal to "transmit encoded messages." *Id.* at 413. Accordingly, the Court did not question a prison's right to *inspect* outgoing prisoner mail, but merely set limits on when the prison could justifiably censor a prisoner's mail based on its contents. *Martinez* does not support Petitioner's apparent contention that because he was in a low security federal prison, he had a First Amendment right to send out mail "unopened and uninspected." (Obj. at 1); *see also Altizer v. Deeds*, 191 F.3d 540, 549 (4th Cir. 1999) ("Because there is a substantial governmental interest in censoring certain materials from an inmate's outgoing mail, *e.g.,* materials detrimental to the security, good order, and discipline of the institution, or dangerous to the public, there is *a fortiori* a legitimate penological interest in opening and inspecting an inmate's outgoing mail for such material. Thus, although an inmate's First Amendment rights *may* be violated when his outgoing mail is censored, his First Amendment rights are not violated when his outgoing mail is simply opened and inspected . . . .") (emphasis in original); *cf. Turner v. Safley,* 482 U.S. 78, 89 (1987) (a blanket prohibition on correspondence between prisoners housed in different institutions is "reasonably related to legitimate penological interests" and therefore "does not unconstitutionally abridge the First Amendment rights of prison inmates").

Petitioner's First Amendment claim, as articulated in his objections, is not that his mail was censored, but rather that prison officials improperly inspected his "private sealed letter to a third party" that should have been delivered to the addressee "unopened and uninspected." Petitioner had no First Amendment protection preventing prison officials from opening and inspecting his outgoing mail given the legitimate penological interest in keeping the institution and the public safe from harm. Further, Petitioner's mail was not legal mail. *See Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1208 (9th Cir. 2017) (holding that the opening of legal mail by prison officials outside of the presence of the prisoner violated his First Amendment rights). For these reasons, Petitioner's First

Amendment claim fails, and all of his Objections are overruled.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 31, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE